IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY L. PITTMAN, | ) | Case No. 1:05CV0541 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Ann Aldrich |
| | ) | |
| CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, et al., | ) ) ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |

This is a civil rights action, in which plaintiff Ricky L. Pittman ("Pittman") seeks relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights, including the right to freedom from deprivations of liberty without due process, as guaranteed by the Fourteenth Amendment to the United States Constitution. The alleged deprivations took place during the adjudication of custody matters involving Pittman's daughter, Najee Waters, and the defendants are the Cuyahoga County Department of Children and Family Services ("DCFS") and social workers Cynthia Hurrie and Cynthia Keller. Now before the court is a motion to dismiss filed in lieu of a responsive pleading by all defendants (Docket No. 5). For the following reasons, the court grants this motion and dismisses the case.

**I. Background**

Pittman is a resident of Cleveland, and the undisputed father of Najee Waters, the minor child at issue in the state proceedings. Najee was born on September 7, 2000, to Pittman and Latarra Waters. Pittman was apparently not involved in raising his daughter, and Waters's record as a parent was

apparently dismal – the pleadings are replete with mentions of her drug abuse and neglect of the child.[1] On January 3, 2001, DCFS responded to the mother's neglect by filing a motion in Cuyahoga County Juvenile Court, for the purpose of establishing the County as temporary guardian of Najee. The motion was accompanied by a social worker's affidavit, which stated that Pittman had failed to establish paternity, provide care or support, or visit Najee on a consistent basis.

The County obtained custody of Najee in 2001. It moved for permanent custody of the child on February 22, 2002, but later amended that request. In its amended motion, the County sought to establish "legal custody," an arrangement which, according to Pittman, "gives the custodian day-to-day care and control of the minor child but which leaves the parent with the right to seek custody at a later date." On November 4, 2002, the juvenile court granted legal custody of Najee to her great-aunt and great-uncle, Emmett and Martha Graves of Sandusky. In his complaint, Pittman alleges that Mr. and Mrs. Graves moved Najee from Sandusky to the state of Indiana "some time in February, 2003," without informing the state courts of their intent to do so.

Pittman further alleges that "[t]hroughout Najee's life, [he] has been ready, willing and able to assume custody of Najee," and that following the grant of legal custody to the Graveses, he engaged in a series of efforts to reverse the court's decision. On February 18, 2004, he filed a motion with the juvenile court styled "Motion for Modification of Custody Pending Hearing and an Application to Determine Custody of Child Not the Ward of Another court of this State." On October 6, 2004, the juvenile court granted a motion to dismiss filed by Najee's Guardian Ad Litem. The court found that it lacked subject matter jurisdiction over Pittman's motion, as he had filed it more than one year after the last court proceeding in the case.

---

[1] Waters passed away on November 2, 2003.


Pittman appealed this decision to the Eighth District Court of Appeals. On May 19, 2005, the Court of Appeals issued an opinion affirming the decision of the juvenile court, and agreeing that the latter "unambiguously lacked jurisdiction."

Pittman now brings a three-count complaint, in which he alleges deprivation of his fundamental constitutional rights as a result of the state courts' "failure to award custody of Najee or to even consider [him] for custody[.]"

## II. Discussion

The defendants bring at least eight different theories in support of their argument that Pittman's complaint should be dismissed. Of these, the court need only consider the first and most compelling, which the defendants describe as "the closely related legal doctrines which forbid a federal court from interfering with ongoing state court proceedings, or exercising jurisdiction over a suit which challenges a specific court proceeding." These doctrines include *Younger* and *Rooker-Feldman* abstention; the court finds that the latter operates to bar the exercise of jurisdiction over Pittman's complaint.

In brief: the *Younger* doctrine compels this court to abstain

> from adjudicating a matter properly before it in deference to ongoing state ... proceedings. Three considerations have emerged for determining when abstention is appropriate: (1) whether the underlying proceedings constitute an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge.

*Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001)(footnotes omitted), citing *Younger v. Harris*, 401 U.S. 37, 37-38 (1971)(formulating rule in criminal context); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (extending doctrine to civil and administrative proceedings).

In their motion to dismiss, the defendants make a convincing argument that the three factors cited in *Tindall* militate against federal court intervention in this matter. When Pittman filed his complaint, his pending state appeal constituted an ongoing state judicial proceeding, which both implicated an important state interest (child protection) and provided an opportunity to address the alleged constitutional deficiencies in his custody proceedings. However, the subsequent resolution of Pittman's state court appeal (*see* above, as well as defendants' supplemental memorandum, Docket No. 12) renders this argument obsolete. Instead, the court finds that exercise of his federal jurisdiction is barred by the *Rooker-Feldman* abstention doctrine, which states that district courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). Such decisions may only be reviewed by the United States Supreme Court.

When the federal courts are asked to "engage in appellate review of state court proceedings," the doctrine necessarily applies. *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002). *Rooker-Feldman* also prohibits federal court review of matters which allege an injury that predates a state-court determination, but present issues inextricably intertwined with the claim asserted in the prior state court proceeding. *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring). "The federal claim is inextricably intertwined with the state-court judgment if … the federal relief can only be predicated upon a conviction that the state court was wrong." *Id*. Finally, the doctrine bars "a party losing in state court ... from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994).

In claiming that the state court judgment deprived him of his federal rights, Pittman is essentially seeking appellate review of that judgment in this court. The plain language of Pittman's complaint makes it clear that the federal relief he seeks can only be predicated upon a conviction that the state court was wrong – specifically, that the court erred in "fail[ing] to award custody of Najee or to even consider [Pittman] for custody[.]" Both of Pittman's constitutional claims turn on this tellingly-worded allegation.

Pittman's argument that the suit seeks redress for independent constitutional harm is therefore unavailing. However credible the court might find his claims that state officials violated Pittman's rights, a ruling could not be entered in favor of the plaintiff without a finding that the state court erred in its "failure to award custody," *i.e.*, to decide in Pittman's favor. Pittman's later references to "the methods used by defendants" in determining custody cannot change the basic nature of this allegation. Moreover, said references appear alongside an explicit acknowledgement that "[t]he purpose of the instant suit is to affix blame for the various decisions that were made ... by the defendants during the course of the custody case." Such matters are properly ascribed to the exclusive jurisdiction of the state appellate courts, and to the United States Supreme Court, under 28 U.S.C. § 1257.

Since the filing of the defendants' original motion, the Supreme Court has reexamined the application of the *Rooker-Feldman* doctrine in the federal district and appellate courts. In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517 (2005), the Court overturned the Third Circuit's application of the doctrine to a matter in which federal litigation was commenced prior to the entry of an original state court judgment. The Court noted that, under such circumstances, *Younger* abstention may properly apply – or preclusion law, "once the state-court adjudication is complete.". *Id*. at 1527.

However, the Court's decision in *Exxon Mobil* does not appear to alter the legal landscape for cases in which there is no parallel state and federal litigation. In fact, *Exxon Mobil* tacitly reaffirms the applicability of *Rooker-Feldman* to cases like Pittman's, in which the plaintiff has "repaired to federal court to undo [a state court] judgment[.]" *Id*. Such circumstances constitute the "paradigm situation in which *Rooker-Feldman* precludes a federal district court from proceeding." *Id*., quoting *E. B. v. Verniero*, 119 F.3d 1077, 1090-1091 (3rd Cir. 1997).

### III. Conclusion

For the foregoing reasons, the court grants the defendants' motion to dismiss and dismisses the case for lack of jurisdiction. This order is final and appealable.

IT IS SO ORDERED.

<div style="text-align:right">
s/Ann Aldrich<br>
ANN ALDRICH<br>
UNITED STATES DISTRICT JUDGE
</div>

**Dated: January 6, 2006**